OAKLEY's executors *vs.* ROMEYN's heirs and devisees.

Chadderton
v.
Backus.

It is not allowed to a plaintiff to *surre-join* double to the rejoinder of the defendant.

MOTION to *surre-join* double. The plaintiff claimed that February 17. within the equity of the statute allowing a plaintiff to *reply* several matters to the plea of a defendant, and permitting a defendant to *rejoin* several matters to the replication of a plaintiff, he should be allowed to *surre-join* double to the rejoinder put in by the defendant. But,

*By the Court,* SUTHERLAND, J. The construction given to the statute, 4 *Ann, ch.* 16, § 4, enacted here, 1 *R. L.* 519, § 10, permitting a defendant, with the leave of the court, to plead as many several matters as he shall think necessary for his defence has been, that it did not extend to any other pleading than "a *plea.* By the *Revised Statutes, vol.* 1, 856, § 27, a plaintiff may *reply,* and a defendant may *rejoin* double, but beyond the statute, the parties cannot go. The motion is denied.

*P. A. Jay,* for plaintiffs.

*Romeyn & Van Buren,* for defendants.